John P. Cohalan, Jr., J.
Motion for summary judgment is granted. The parties entered into a contract relating to bus transportation for the school district after submission of bids.
The contract is dated September 16, 1969 and required the plaintiff to convey children in the district during the school year for the sum of $682,645. The contract does not provide for any waiver of the terms thereof in the event of a strike or other events which might interfere with the performance of the contract. About the time that transportation pursuant to the contract was to start, the union commenced a strike which defendant says was illegal and unfair. It is claimed that the union ignored its contract with the employer-defendant bus company. Bather than submit to the alleged demands of the union, the bus company 11 knowing full well that the School District may have strong recourse against us ’ ’ determined that it could not or would not perform the transportation contract. The plaintiff school district immediately entered into a contract with the second lowest bidder.
It is undisputed that by reason of the defendant’s failure to perform its contract and its inability to negotiate with the labor union, that plaintiff was caused to enter into a contract with the second lowest bidder with resultant damage to the school district in the sum of $35,574 and interest. The result is unfortunately harsh and subjects defendant to substantial loss and damage by reason of the labor strike which may be beyond its control. However, there is nothing in the agreement between the parties which permits waiver of performance by reason of strikes or other events which interfere with the performance of the transportation contract. Whether the State Education Department will permit a school district to enter into a contract with the waiver provision is not before the court. Accordingly, the motion for summary judgment is granted.